STATE OF NEW JERSEY, PLAINTIFF, v. CHARLES G. KOPP, DEFENDANT.

Superior Court of New Jersey
Law Division Criminal
Union County

Decided October 29, 1980.

*Kenneth E. Pogash,* Assistant Prosecutor, for plaintiff (*John H. Stamler,* Prosecutor, attorney).

*Stefano Calogero* for defendant (*Javerbaum, Kline & Wurgaft,* attorneys).

MENZA, J. D. C. (temporarily assigned).

Defendant appeals from a conviction in the municipal court which adjudged him guilty of failure to maintain motor vehicle liability insurance on April 26, 1980, in violation of *N.J.S.A.* 39:6B–2.

Defendant, the owner and operator of the vehicle, contends that although he was not covered by a liability insurance policy at the time of the incident in question, he nevertheless had sufficient reason to believe that he was in fact covered. He therefore contends that he is not guilty of violating the Statute.

The question presented to the court is whether knowledge of lack of insurance is an essential element which must be proved in order to sustain a conviction of an owner–operator.

*N.J.S.A.* 39:6B–2, provides:

Any owner, or registrant of a motor vehicle registered or principally garaged in this State who operates or causes to be operated a motor vehicle upon any public road or highway in this State without motor vehicle liability insurance coverage required by this act, and any operator who operates or causes a motor

vehicle to be operated and who knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability insurance coverage required by this act [penalties set out but omitted].

There are no cases interpreting this statute. It is therefore necessary fo the court to construe its terms by determining the legislative intent. *Asbury Park Bd. of Ed. v. Holk*, 38 *N.J.* 213 (1962). A review of the legislative history of the law is an essential aid in doing so. *State v. Madden*, 61 *N.J.* 377 (1972).

The present law is a result of Assembly Bill 802, introduced on March 6, 1972. The bill, as originally introduced, read, in part, as follows:

Any owner, operator or registrant of a motor vehicle registered or principally garaged in this State who operates or causes to be operated a motor vehicle upon any public road or highway in this State *knowingly* without motor vehicle insurance coverage....

[Emphasis supplied]

The Official Copy Reprint deleted the word "knowingly" from the bill. The reprint provided:

Any owner, operator or registrant of a motor vehicle registered or principally garaged in this State who operates or causes to be operated a motor vehicle upon any public road or highway in this State without motor vehicle liability insurance coverage....

On November 16, 1972 the Governor returned the bill, with his objections, to the General Assembly for reconsideration—a conditional veto.

The conditional veto recited the following:

I also agree that the requirement of knowledge is an unnecessary burden upon law enforcement agencies with respect to owners and registrants, because they have it within their control to determine whether insurance coverage is in effect for their vehicle. However, the non–owner operator in many circumstances cannot readily make such a determination. Thus, Assembly Bill No. 802 (OCR) should be amended to require knowledge as element of the offense of operating without insurance in the case of a non–owner operator.

The conditional veto specifically set forth the amendments recommended by the Governor, including an insertion that read:

... and any operator who operates or causes a motor vehicle to be operated and who knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability insurance coverage required by this act ....

The suggested amendment became a part of the bill on November 16, 1972. Assembly Bill 802, with the recommended amendments recited in the conditional veto, became law on December 26, 1972.

The intent of the Legislature is clear. Knowledge of an owner is not an essential element of the offense of violating *N.J.S.A.* 39:6B–2.

It is therefore not necessary for the court to consider the credibility of the defendant's testimony.

I find the defendant guilty of violation of *N.J.S.A.* 39:6B–2 and impose a fine of $50 and $15 court costs.